**IN THE UNITED STATES DISTRICT COURT**
**OF THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **KIMBERLY BLUE** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CASE NO. –** |
| | ) | |
| **LYFT, INC., et al.** | ) | |
| | ) | |
| Defendants. | ) | |

---

**PLAINTIFF'S NOTICE REGARDING DEFECTIVE REMOVAL AND CONTINUING SUPERIOR COURT JURISDICTION**

COMES NOW, Plaintiff, KIMBERLY BLUE, by and through Pro Se, respectfully moves this Honorable Court to strike Defendant Lyft, Inc.'s Notice of Removal pursuant to Federal Rule of Civil Procedure 12(f) and to remand this matter to the Superior Court of the District of Columbia pursuant to 28 U.S.C. §1447(c) for failure to properly perfect federal removal and interference with Plaintiff's right to timely prosecute the case in the original venue.

## I. GROUNDS FOR MOTION

1) Defendant Lyft, Inc. filed a Notice of Removal on June 26, 2025, purporting to remove this case to federal court.
2) However, the federal court promptly issued a Notice of New Case Error, identifying that Lyft's filing contained a fatal procedural defect, including an incorrect civil cover sheet, lack of case number, and incomplete docket

RECEIVED
JUN 28 2025
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

assignment. This demonstrates that the federal court did not accept or properly docket the removal filing.

3) No case number was provided on the Notice of Removal served upon Plaintiff, and no Clerk's seal or time-stamp was present, further evidencing that the filing was procedurally deficient.

4) Plaintiff has never received formal Notice of Case Assignment from U.S. District Court of the District of Columbia, as would be customary and required upon proper removal.

5) Lyft's filing in the Superior Court on June 26, 2025, created the illusion that the case was transferred and out of Superior Court's jurisdiction when in fact it wasn't. This deceptive filing misled the procedural timeline and interfered with Plaintiff's right to timely file proof of service in the original venue.

6) Pursuant to 28 U.S.C. §1446(d), removal is effective only when the notice of removal is properly filed in federal court and federal jurisdiction is fully invoked. Lyft's failure to perfect the filing and obtain formal acceptance by the federal court leaves Superior Court's jurisdiction intact.

## II. APPLICABLE LAW

**Federal Rule of Civil Procedure 12(f)**

Allows remand to state court based on procedural defects in the removal process, which must be raised within 30 days of the filing of the notice of removal.

## III. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

1) Strike Defendant Lyft's Notice of Removal as procedural defective.

2) Remand this case to the Superior Court of the District of Columbia.

3) Award any further relief as the Court deems just and proper.

Respectfully submitted,

*Kimberly Blue*

**KIMBERLY BLUE**

KBLEU21967@GMAIL.COM
JUNE 28, 2025

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via email to:

Kathryn E. Bonorchis, Esq.
Lewis Brisbois Bisgaard & Smith, LLP
100 Light Street, Ste. 1300
Baltimore, MD 21202
**Email: Kathryn.bonorchis@lewisbrisbois.com**
Attorneys for Defendants

Michael Nwabueze
16019 Dorset Road
Laurel, MD 20707
**Email: Nwabueze1022@gmail.com**
Defendant, Pro Se

/s/ *Kimberly Blue*
**KIMBERLY BLUE**
kbleu21967@gmail.com
June 28, 2025